**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Anibal Gomez Abreu, <br><br> Plaintiff, <br><br>   -v- <br><br> Monarch Realty Holdings, LLC, and <br> Ezra Bennett, <br><br> Defendants. | **Civ. Action #:** <br><br> <u>**Complaint**</u> <br><br> **Date Filed:** <br><br> **Jury Trial Demanded** |

Plaintiff Anibal Gomez Abreu ("Plaintiff" or "Abreu"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendants Monarch Realty Holdings, LLC and Ezra Bennett (collectively "Defendants"), respectfully alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1. Plaintiff alleges, that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not

receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages including maximum liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7.  Plaintiff Anibal Gomez Abreu ("Plaintiff" or "Abreu") is an adult, over eighteen years old, who currently resides in Bronx, New York.

8.  At all times relevant herein, Defendant Monarch Realty Holdings, LLC ("MRH") was a New York for-profit Limited Liability Company.

9.  Upon information and belief and at all times relevant herein, Defendant Ezra Bennett ("Bennett") owned and/or operated/managed Defendant MRH, where Plaintiff worked.

10. At all times relevant herein, Defendants MRH and Bennett, individually and/or jointly, controlled the employment of Plaintiff and were responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

11. At all times relevant herein, Plaintiff was employed individually and/or jointly, by Defendants.

## **STATEMENT OF FACTS**

12. Upon information and belief and at all times relevant herein, Defendants owned and/or operated/managed several buildings and employed approximately 20 or more employees.

13. At all times relevant herein, Defendants, individually and/or jointly, employed Plaintiff from on or about April 8, 2019 to in or around January 2021.

14. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, as a handyman in several of Defendants' buildings.

15. At all times relevant herein, Defendants paid Plaintiff on a bi-weekly basis in violation of NYLL 191 (1)(a)(i). See i.e. *Vega v. CM & Assocs. Constr. Mgmt.*, LLC, No. 23559/16E, 2019 WL 4264384 (N.Y. App. Div. Sept. 10, 2019).

16. At all times relevant herein, Plaintiff was an hourly employee of Defendants and was paid at a rate of $13.50 - $15 an hour, at separate times during his employment with Defendant.

17. At all times relevant herein, Plaintiff worked about 55 or more hours each week for Defendants, 5-6 or more days a week. Plaintiff was occasionally paid for a few overtime hours but was not paid at all for about 10-15 overtime hours worked each week during his employment with Defendants. For example, Defendants had a policy and practice of deducting an hour each day for lunch from Plaintiff's weekly work hours. However, due to the demands and nature of the job, Plaintiff did not receive a bona fide meal break within the meaning of the FLSA and NYLL.  By way of further example, Plaintiff spent about 1-2 hours beyond his regular schedule handling and putting out garbage for collection about 3-5 times each week during his employment with Defendants for which he was not paid any wages. Also, Plaintiff spent about 2-4 overtime hours each week doing a variety of repairs and maintenance beyond his schedule for which he was not paid by Defendants.

18. In addition, from late December 2019 to early January 2020, Plaintiff worked about 130-150

hours for Defendants while covering for a building but Defendants only paid Plaintiff for about 96 of these hours worked and is entitled to overtime wages for the remaining hours during this period.

19. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, 12 NYCRR 141-2.1, are incorporated herein by reference.

20. Plaintiff's hours worked and wages paid will be refined after Defendants produce employment, time and wage records they were required to keep under the FLSA and NYLL.

21. Plaintiff incorporates herein, accurate records of his time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

22. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

23. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state all hours worked by Plaintiff nor all wages earned in each week, among other deficiencies.

24. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, had annual revenues and/or expenditures in excess of $500,000. Plaintiff references and incorporates herein, accurate copies of records of Defendants' business volume and revenues as well as business operations and commerce that Defendants were required to keep and maintain under the FLSA including under 29 CFR 516.

25. Upon information and belief and at all times relevant herein, Defendants conducted business with companies outside the state of New York.

26. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff

conducted business with insurance companies outside the state of New York.

27. Upon information and belief and at all times relevant herein, Defendants purchased equipment and supplies essential for their business from vendors outside the state of New York.

28. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

29. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

30. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

31. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

32. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

33. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

34. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

35. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other

claims at a later time.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC § 201 et Seq.

40. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

41. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. At all times relevant herein, Defendants failed and willfully failed to pay plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

## Relief Demanded

43. Due to Defendant's FLSA overtime violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

44. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142, 141.

46. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2 and 12 NYCRR § 141-1.4.

### Relief Demanded

47.  Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

48. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 47 above with the same force and effect as if fully set forth at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

50. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been paid all wages no later than

weekly. See i.e. *Vega v. CM & Assocs. Constr. Mgmt.*, LLC, No. 23559/16E, 2019 WL 4264384 (N.Y. App. Div. Sept. 10, 2019).

51. Defendants violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages, as required under NY Labor Law § 190 et seq.

52. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

## Relief Demanded

54. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his overtime wages, (FLSA and NYMWA) and non-overtime wages, maximum liquidated damages including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendants (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR §

142, 141, and Article 6 of the NYLL – NYLL § 190 et Seq.

56. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages and minimum wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

57. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages, minimum wages, and spread of hours wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2 and 12 NYCRR § 141-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

58. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his overtime wages, (FLSA and NYMWA) and non-overtime wages, plus maximum liquidated damages including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

59. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

60. Award Plaintiff such other, further and different relief as the Court deems just and proper.


Dated: Queens Village, New York
        March 19, 2021


Respectfully submitted,


Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan _____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com